UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>　　　　Respondents. | No.  1:26-cv-0550-DJC-CKD P<br><br><br>ORDER |

　　　　Petitioner filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On February 17, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  Respondent filed objections to the findings and recommendations.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 17) are adopted in full.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. The preliminary injunctive relief previously granted (EFC No. 15) is made permanent;

4. Respondents shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have her counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. This case is closed.

IT IS SO ORDERED.

Dated:  **March 13, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2